**John PRIDDY, Plaintiff,**

v.

**SHOPKO CORPORATION, Jackie Boysen, and John and Jane Doe I through X, Defendant.**

**No. 95–CV–0170–S.**

United States District Court,
D. Utah,
Central Division.

June 22, 1995.

Bel–Ami J. de Montreux, Salt Lake City, Utah, for plaintiff.

Royal I. Hansen, Moyle & Draper, P.C., Salt Lake City, Utah, for defendant.

ORDER

SAM, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's complaint. The court has reviewed the parties' pleadings and, pursuant to D.Ut. 202(d), will determine the matter on the basis of the written memoranda of the parties.

Plaintiff's complaint fails to state a claim under 42 U.S.C. § 2000a because the defendant is not a "place of public accommodation" as defined under the statute. The complaint seeks to assert that Shopko is a place of

public accommodation and seeks to ground subject matter jurisdiction under 42 U.S.C. § 2000a on either of two alternative grounds: first, that Shopko is a place "principally engaged in selling food for consumption on the premises" under 42 U.S.C. § 2000a(b)(2) or, second, that Shopko is located within the premises of an establishment otherwise covered by the statute pursuant to 42 U.S.C. § 2000a(b)(4).

First, plaintiff's complaint alleges no set of facts sufficient to support a finding that Shopko is either a place principally engaged in selling food for consumption on the premises, or a hotel type establishment, or a place of entertainment.

Additionally, the facts alleged would not support a finding that Shopko is located within the premises of any establishment otherwise covered by the statute. Plaintiff's complaint lists several establishments in close proximity to Shopko that may be covered by the statute. However, the complaint fails to state any facts supporting a claim that these other stores, along with Shopko, are part of the same "establishment" as defined in 42 U.S.C. § 2000a.

Ultimately, plaintiff's complaint does not allege facts that would indicate that Shopko is anything other than a retail establishment, as that term is generally understood. Following the Supreme Court's "plain meaning" interpretation of 42 U.S.C. § 2000a in *Welsh v. Boy Scouts of America*, 993 F.2d 1267 (7th Cir.1993), this court is unconvinced that Congress intended a retail establishment such as Shopko to be included as either a "place of public accommodation" or as an establishment "which is physically located with the premises of any establishment otherwise covered by [this statute]...." In *Welsh*, the Court noted that "... we must always be cognizant of the fact that 'the legislative purpose' is expressed by the ordinary meaning of the words used." *Id.* at 1269 (citation omitted).

It is clear that Congress did not intend for retail establishments such as Shopko to be included in § 2000a. Section 2000a(b)(2) lists cafeterias, lunchrooms, etc. as establishments which are considered as "places of public accommodation". This subsection goes on to include any facility (e.g., restaurants) "... located on the premises of any retail establishment...." The clear implication of this provision is that Congress did *not* intend to include retail establishments—thus the need to make clear that restaurant type facilities within a retail establishment were covered under 42 U.S.C. § 2000a(b)(2). If retail establishments were also intended to be covered, there would be no need for this provision.

Defendant's Rule 12(b) motion to dismiss plaintiff's cause of action based on 42 U.S.C. § 2000a is GRANTED. Plaintiff's pendant cause of action under state law are also DISMISSED.